IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT N. WASHINGTON,

    Plaintiff,                    No. CIV S-09-0735 DAD P

    vs.

CAL. DEP'T OF CORRS.
AND REHABILITATION,

    Defendant.                 ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

        In his original complaint, plaintiff alleged that prison officials at CSP-Solano placed him on C-status as punishment for two rules violations and failed to release him until forty-two days after his scheduled release date. Plaintiff alleged that he suffered a great deal more than he needed to because he did not have access to a television, radio, or fan to keep him cool. (Compl. at 5.) On April 15, 2009, the court dismissed plaintiff's original complaint with leave to amend because the allegations in plaintiff's complaint were so vague and conclusory that the court was unable to determine whether the current action is frivolous or fails to state a claim for relief.

/////

1

On the same day the court issued its order, plaintiff filed an amended complaint. In his amended complaint, plaintiff alleges that, in 2007, he attempted to contact an attorney to assist him with a petition for writ of habeas corpus but was unable to do so because of Sergeant Berry, a member of CSP-Solano's mail room staff. Plaintiff alleges that he may have been able to succeed in habeas corpus proceedings if he had an attorney to assist him in court. (Am. Compl. at 5.)

Just as was the case with his original complaint, the allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), plaintiff's amended complaint must be dismissed as well.

As noted above, the court recently granted plaintiff leave to file an amended complaint. Under the circumstances of this case, the court will grant plaintiff thirty days from the date of service of this order to file an amended complaint that states **all** of the claims that he seeks to bring in this action. Plaintiff is advised that the court will not allow the piecemeal filing of supplemental complaints in this action. See Local Rule 15-220.

Finally, to the extent that plaintiff seeks to present a claim against Sergeant Berry for a denial of his access to the courts, he is cautioned that he must demonstrate an "actual injury" to state a cognizable claim. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). In his amended complaint, plaintiff only speculates that he may have been able to prevail in habeas corpus proceedings with an attorney. However, plaintiff is advised that speculation is not sufficient to demonstrate an "actual injury."

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 16, 2009 amended complaint (Doc. No. 11) is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with this order and the court's April 15, 2009 order. Any amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint or seek an extension of time to do so will result in a recommendation that this action be dismissed without prejudice.

DATED: April 24, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
wash0735.14a(2)