IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT N. WASHINGTON,

    Plaintiff,                    No. CIV S-09-0735 DAD P

    vs.

CAL. DEP'T OF CORRS.
AND REHABILITATION,          ORDER AND

    Defendant.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

**PROCEDURAL HISTORY**

        On April 15, 2009, the court screened plaintiff's original complaint. See 28 U.S.C. § 1915A. Therein, plaintiff alleged that prison officials at CSP-Solano placed him on C-status as punishment for two rules violations. He further alleged that he was released from C-status forty-two days after his scheduled release date and that he suffered more than he needed to because he did not have access to a television, radio, or fan to keep him cool. Plaintiff alleged that he felt like committing suicide. Based on plaintiff's vague and conclusory allegations, the court was unable to determine whether plaintiff's complaint was frivolous or failed to state a claim for relief, so the court dismissed the complaint with leave to file an amended complaint.

1

1    The day after the court issued its screening order, plaintiff filed an amended
2 complaint.  Therein, plaintiff alleged that, in 2007, he attempted to contact an attorney to assist
3 him with a petition for writ of habeas corpus but was unable to do so because of Sergeant Berry,
4 a member of CSP-Solano's mail room staff.  Plaintiff alleged that he may have been able to
5 succeed in habeas corpus proceedings if he had an attorney to assist him in court.  Again, based
6 on plaintiff's vague and conclusory allegations, the court was unable to determine whether
7 plaintiff's amended complaint was frivolous or failed to state a claim for relief.  Accordingly, the
8 court dismissed the amended complaint while granting plaintiff leave to file another amended
9 complaint that stated all of the claims he sought to bring in this action.

10                              **PLAINTIFF'S AMENDED COMPLAINTS**

11    Plaintiff has filed two amended complaints.  Both amended complaints are unclear
12 and difficult to decipher.  In his May 4, 2009 amended complaint, plaintiff identifies correctional
13 counselors Passer and Orum as the defendants.[1]  He alleges that, on the day that he was supposed
14 to be removed from C-status he was sent to another prison yard and received a new correctional
15 counselor.  His new counselor was supposed to take him to the classification committee to have
16 him removed from C-status.  Plaintiff alleges that he sent her an inmate request form, but she
17 never responded to it.  Plaintiff then filed an inmate appeal, and a different correctional counselor
18 removed him from C-status.  Plaintiff appears to claim that the extra time he spent on C-status
19 constitutes a violation of his rights under the Eighth Amendment.

20    In his May 28, 2009 amended complaint, plaintiff identifies the Department of
21 Corrections and Sergeant Berry as the defendants.  Plaintiff alleges that, had Sergeant Berry
22 followed the law and rules, "the time in which petitioner lost could have been shorter."  Plaintiff
23 also alleges that two correctional counselors violated his constitutional rights with regards to his
24 /////

---

[1] Some of plaintiff's handwriting is illegible, so the court may have inadvertently misspelled the defendants' names.

2

C- status.  Plaintiff appears to claim that the defendants' actions constitute a violation of his rights under the Eighth Amendment and the Fourteenth Amendment.

## ANALYSIS

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In this case, both of plaintiff's amended complaints fail to state a cognizable claim.  They also fail to comply with Rule 8(a)(2).  Specifically, plaintiff's temporary over-stay

3

1  on C-status does not rise to the level of an Eighth Amendment violation.  As the court previously
2  advised plaintiff, the "unnecessary and wanton infliction of pain" constitutes cruel and unusual
3  punishment prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319
4  (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97,
5  105-06 (1976).  Only those deprivations denying "the minimal civilized measure of life's
6  necessities" are sufficiently grave to form the basis of an Eighth Amendment violation."  Rhodes
7  v. Chapman, 452 U.S. 337, 347 (1981).  See also Myron v. Terhune, 476 F.3d 716 (9th Cir.
8  2007) ("Because the mere act of classification 'does not amount to an infliction of pain,' it 'is not
9  condemned by the Eighth Amendment.'") (quoting Hoptowit v. Ray, 682 F.2d 1237, 1251 (9th
10 Cir. 1982)).  Here, at most, plaintiff experienced some of the routine discomfort inherent in the
11 prison setting.  Accordingly, plaintiff has failed to allege facts sufficient to state a cognizable
12 cruel and unusual punishment claim.

13         Nor does plaintiff's temporary over-stay on C-status rise to the level of a due
14 process violation.  As the court previously advised plaintiff, prison classifications do not give rise
15 to a federal liberty interest under the Fourteenth Amendment.  See Hernandez v. Johnston, 833
16 F.2d 1316, 1318 (9th Cir. 1987) (citing Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)).
17 Moreover, although "[s]tates may under certain circumstances create liberty interests which are
18 protected by the Due Process Clause," those circumstances are generally limited to freedom from
19 restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary
20 incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  See also Myron, 476
21 F.3d at 718 (classification of an inmate to a Level IV facility instead of a Level III facility does
22 not constitute an "atypical and significant hardship.").  Here, plaintiff's temporary over-stay on
23 C-status does not represent an "atypical and significant hardship."  Accordingly, plaintiff has also
24 failed to allege facts sufficient to state a cognizable due process claim.

25         Finally, to the extent that plaintiff has sought to raise a claim that he was denied
26 access to the courts, he has failed to allege facts specifying what Sergeant Berry's alleged

conduct was or how Sergeant Berry interfered with his access to the courts. In addition, plaintiff has failed to allege that he suffered an "actual injury" as a result of Sergeant Berry's conduct. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). As the court previously advised plaintiff, to state a cognizable claim for denial of his access to the courts he must demonstrate an "actual injury." Here, at most, plaintiff speculates that had Sergeant Berry followed the law and rules, "the time in which petitioner lost could have been shorter." Accordingly, plaintiff has failed to allege facts sufficient to state a cognizable denial of access to courts claim.[2]

Based on the court's review of plaintiff's amended complaints as well as plaintiff's other filings in this action, it is now clear that this action should be dismissed with prejudice. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that this action be dismissed as frivolous. See 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

---

[2] To the extent that plaintiff sought to raise any claims against the California Department of Corrections and Rehabilitation ("CDCR"), the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 340 (1979); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Here, the CDCR has not consented to suit.

5

1 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2 F.2d 1153 (9th Cir. 1991).
3 DATED: September 11, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7 DAD:9
wash0735.56