IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT N. WASHINGTON,

    Plaintiff,                    No. CIV S-09-0735 LKK DAD P

    vs.

CAL. DEP'T OF CORRS.
AND REHABILITATION,

    Defendants.               ORDER

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On November 16, 2009, the court dismissed this case without prejudice for failure to state a claim upon which relief may be granted. On the same day, the judgment was entered and the case was closed. Pending before the court is plaintiff's motion for reconsideration.

**BACKGROUND**

        On April 15, 2009, the assigned magistrate judge screened plaintiff's original complaint. See 28 U.S.C. § 1915A. In his complaint plaintiff had alleged that he was placed on C-status as punishment for two rules violations. He further alleged that he was released from C-status forty-two days after his scheduled release date and suffered more than he needed to because he did not have access to a television, radio, or fan to keep him cool while held in C-

1

status. Based on plaintiff's vague and conclusory allegations, the court was unable to determine whether plaintiff's complaint was frivolous or failed to state a claim for relief. Accordingly, the court dismissed the complaint with leave to file an amended complaint. Subsequently, plaintiff filed two separate amended complaints.

On September 14, 2009, the assigned magistrate judge screened both of plaintiff's amended complaints and found that they failed to state any cognizable claims for relief. Specifically, the magistrate judge determined that plaintiff's alleged temporary over-stay on C-status did not rise to the level of an Eighth Amendment violation because, at most, plaintiff had experienced some of the routine discomfort inherent in the prison setting. See Whitley v. Albers, 475 U.S. 312, 319 (1986). In addition, the magistrate judge determined that plaintiff's alleged temporary over-stay on C-status did not rise to the level of a Fourteenth Amendment violation because prison classifications do not give rise to a federal liberty interest, and plaintiff's delayed release from C-status did not represent an "atypical and significant hardship." See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)). Based on these determination, the magistrate judge recommended dismissing plaintiff's action as frivolous.

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

In his one-page motion for reconsideration, plaintiff reiterates that he was retained on C-Status longer than he was supposed to be. Plaintiff argues that a jury should decide whether a constitutional violation occurred as a result.

**DISCUSSION**

A request for reconsideration is directed to the sound discretion of the court. See Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981). A party seeking reconsideration must brief the "new or different facts or circumstances" which were not previously shown "or what other grounds exist for the motion." Local Rule 230(j). This rule is grounded on the principle that decisions on legal issues made in a case should be followed unless

there is substantially different evidence or new controlling authority, or the party demonstrates that the court's prior decision was clearly erroneous and resulted in injustice.  See Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985).  A motion to reconsider is not a vehicle by which an unsuccessful party can "rehash" arguments or present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).  See also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).

In this case, plaintiff's motion for reconsideration merely rehashes allegations and arguments previously presented in his complaint and amended complaints.  Plaintiff's motion for reconsideration does not present different facts or circumstances that were not previously shown, and plaintiff has failed to demonstrate that this court's order dismissing this action was clearly erroneous or resulted in injustice.  The court will therefore deny plaintiff's motion for reconsideration.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's January 5, 2010 motion for reconsideration (Doc. No. 23) is denied.

DATED:  March 1, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT